UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                CRIMINAL ACTION

VERSUS                                  NO: 11-112

GILBERTO RAMOS-MARRUFO                  SECTION: J(5)

## ORDER AND REASONS

Before the Court is Gilbert Ramos-Marrufo ("Ramos")'s *pro se* Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 **(Rec. Doc. 32)** and the Government's opposition to same **(Rec. Doc. 37)**. Having considered Ramos's motion, the parties' memoranda, the record, and the applicable law, the Court finds that Ramos's motion should be **DENIED** without an evidentiary hearing for reasons set forth more fully below.

## PROCEDURAL AND FACTUAL HISTORY

On May 6, 2011, Ramos was charged by indictment with one count of illegal reentry of a removed alien, in violation 8 U.S.C. § 1326. (Rec. Doc. 1) The indictment contained a notice of sentence enhancement, pursuant to 8 U.S.C. § 1326(b)(2), based on Ramos's prior aggravated felony conviction in Illinois for unlawful

delivery of a controlled substance. (Rec. Doc. 1) On June 16, 2011, Ramos pled guilty, without the benefit of a plea agreement, to one count of illegal reentry of a removed alien. (Rec. Doc. 15) During the rearraignment, Ramos, with the assistance of an interpreter, indicated under oath that he was satisfied with his attorney's services. (Rec. Doc. 27, p. 5) He also indicated that he understood that the Sentencing Guidelines ("Guidelines") were not mandatory, that the Court was required to take them into account, and that the Court could ultimately sentence him above or below the calculated Guidelines range. (Rec. Doc. 27, p. 10)

On September 22, 2011, Ramos appeared before the Court for sentencing. (Rec. Doc. 23) At the time of sentencing, the Government had not offered Ramos's Illinois conviction documents into the record. (Rec. Doc. 37, p. 6) The Pre-Sentence Report ("PSR") characterized Ramos's prior Illinois conviction as a "drug trafficking offense," under the federal Sentencing Guidelines. Based on that characterization of Ramos's state conviction, the PSR applied a 16 level enhancement to his total offense level resulting in a total offense level of 21, and it recommended a Sentencing Guideline range of 46-57 months imprisonment. Ramos's counsel, Roma Kent, offered no objections to the PSR at sentencing. (Rec. Doc. 28, p. 3) However, she did request that the Court impose a forty-five month sentence of imprisonment, one month lower than the bottom of the calculated Sentencing Guidelines range, so that Ramos

would be credited for the time he spent in immigration custody prior to his being transferred to U.S. Marshal's custody. (Rec. Doc. 28, p. 5-6) The Court adopted the findings of the PSR and the Sentencing Guidelines calculation and imposed a bottom-of-the-Guidelines sentence of forty-six months imprisonment, three years of supervised release, and a $100.00 mandatory special assessment. (Rec. Doc. 28, p. 3, 6-8) The Court further ordered that Ramos be receive credit for the time he served after he was taken into custody by Immigration and Customs Enforcement officers on April 18, 2011. (Rec. Doc. 28, p. 6-7) Ramos appealed his sentence and argued that the Court committed clear error at his sentencing hearing by applying the 16 level sentencing enhancement based solely on the PSR's characterization of his Illinois conviction as a "drug-trafficking offense" under the Sentencing Guidelines.[1] (Rec. Doc. 37-3, p. 4) He further argued that because the Illinois statute that he was convicted under encompassed conduct that would not qualify as a "drug-trafficking offense," under the Sentencing Guidelines, the Court, rather than relying solely on the PSR,

---

[1] Ramos based this argument on <u>United States v. McCann</u>, 613 F.3d 486, 502 (5th Cir. 2010) and <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 273-75 (5th Cir. 2005); (Rec. Doc. 37-3, pp. 4-5) In <u>McCann</u>, the Fifth Circuit found that it was clear error for the district court to rely solely on the presentence report to characterize a defendant's state conviction as a "drug trafficking offense" under the Guidelines, if the state statute encompasses conduct that does not fit the Sentencing Guidelines definition. <u>McCann</u>, 613 F.3d at 502. In <u>Garza-Lopez</u>, the Fifth Circuit explained that if the statute under which the defendant was convicted encompasses conduct that does not fit the Sentencing Guidelines definition, the district court should examine <u>Shepard</u>-approved documents such as the indictment, the guilty plea, or the judgment to determine if the defendant's conviction fit the Sentencing Guidelines definition. <u>Garza-Lopez</u>, 410 F.3d at 273-75.

should have examined *Shepard*-approved documents, including his Illinois conviction documents, to determine whether his prior conviction constituted a "drug trafficking offense" under the Sentencing Guidelines before assessing the 16 level sentence enhancement. (Rec. Doc. 37-3, p. 3, 4-5)

On appeal, the Fifth Circuit granted the Government's opposed motion to supplement the record, and after examining the conviction documents, concluded that Ramos's prior Illlinois conviction qualified as a "drug-trafficking offense" under the Sentencing Guidelines. (Rec. Doc. 34, p. 3) The Fifth Circuit affirmed Ramos's sentence on May 31, 2012. (Rec. Doc. 22) On June 22, 2012, Ramos filed the instant motion under 28 U.S.C. § 2255 to vacate his sentence.

## PARTIES' ARGUMENTS

Ramos argues that his sentence should be vacated, because he received constitutionally ineffective assistance of counsel. He alleges that his attorney provided ineffective assistance of counsel by: (1) failing to object at his sentencing hearing to the 16 level sentence enhancement assessed as a result of his prior drug conviction in Illinois, (2) advising him to plead guilty, (3) failing to initiate plea negotiations, and (4) failing to attempt to negotiate a sentence below the Sentencing Guidelines.

The Government argues that Ramos's Motion to Vacate Sentence should be denied without an evidentiary hearing, because Ramos

cannot, under Strickland v. Washington, 466 U.S. 668 (1984), establish the elements necessary to prove his ineffective assistance of counsel claim. The Government asserts that Ramos cannot establish that any of his counsel's alleged deficiencies were objectively unreasonable or prejudicial. First, the Government argues that Ramos cannot prove that his attorney was deficient in failing to object at the sentencing hearing, because she was in possession of the conviction documents showing that his prior conviction constituted a drug-trafficking offense for purposes of the 16 level sentencing enhancement. The Government asserts that Ramos's attorney knew that an objection would prompt the Government to produce his Illinois conviction documents, which would merely have confirmed the accuracy of the PSR that the Court relied on in imposing Ramos's sentence. Consequently, the Government argues, the failure of Ramos's counsel to object was not objectively unreasonable. Second, the Government argues that Ramos has failed to show that an objection by his attorney to the Court's assessment of the 16 level enhancement would have resulted in a lesser sentence. Third, the Government argues that Ramos can not show that his attorney's conduct in advising him to plead guilty, failing to seek a plea agreement, or failing to attempt to negotiate a lesser sentence was objectively unreasonable, because he benefitted from a 3 level downward adjustment of his total offense level as a result of his decision to plead guilty and

received credit for the time served since he went into immigration custody as a result of his attorney's request for a forty-five month sentence rather than the forty-six month bottom-of-the-guidelines sentence.  Fourth, the Government argues that Ramos cannot show that he was prejudiced by any of his attorney's alleged deficiencies.  According to the Government, Ramos's claims must fail for lack of prejudice, because he cannot show that a plea agreement would have been available to him if his attorney had initiated negotiations, that any plea agreement would have resulted in a reduced sentence, that any action on the part of his attorney to argue for a sentence below the Guidelines range would have resulted in a reduced sentence, or that his attorney's performance somehow made imposition of a within-the-Guidelines sentence mandatory.

**LEGAL STANDARD**

To prevail on a claim of ineffective assistance of counsel, the petitioner must demonstrate both elements of the two-pronged test in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). <u>United States v. Seyfert</u>, 67 F.3d 544, 547 (5th Cir. 1995). Specifically, the petitioner must prove: (1) that his counsel's performance was deficient, and (2) that his counsel's performance prejudiced his defense.  <u>Strickland</u>, 466 U.S. at 687.  In judging counsel's performance, the standard is that of reasonably effective assistance under prevailing professional norms.  <u>Seyfert</u>, 67 F.3d

at 547. "An attorneys's performance, which enjoys a strong presumption of adequacy, is deficient if it is objectively unreasonable." United States v. Walker, 68 F.3d 931, 934 (5th Cir. 1995) (quoting United States v. Acklen, 47 F.3d 739, 742 (5th Cir. 1995)). "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689. To prove prejudice, the petitioner must show that his counsel's errors actually had an adverse effect on his defense. Id. (citing Strickland, 466 U.S. at 700). To establish prejudice in guilty plea cases, the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). To establish prejudice during the punishment phase of a non-capital case, the petitioner must show a reasonable probability that but for his counsel's deficient performance, he would have received a lesser sentence. See United States v. Grammas, 376 F.3d 433, 438-39 (5th Cir. 2004). A reasonable probability is a probability sufficient to undermine confidence in the outcome. Strickland, 466 U.S. at 694. If the court can conclude based on the record that, as a matter of law, the petitioner cannot establish one or both elements of the Strickland test, the court

may deny the petition without an evidentiary hearing. United States v. Rivas-Lopez, 678 F.3d 353, 358 (5th Cir. 2012) ("A district court must hold an evidentiary hearing '[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'") (citations omitted); United States v. Walker, 68 F.3d 931, 934 (5th Cir. 1995) (citing Acklen, 47 F.3d at 743-44).

## DISCUSSION

### I. Whether Counsel's Failure to Object to the Application of the 16 Level Sentencing Enhancement Based Solely on the PSR Constituted Ineffective Assistance of Counsel

The Court finds that Ramos has failed to overcome the presumption that his counsel's failure to object at sentencing to the Court's reliance on the PSR was objectively reasonable. Under Strickland, there is a strong presumption that the objections of an attorney, or the lack thereof, at a sentencing hearing are part of a sound trial strategy. 466 U.S. at 689 ("[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'") (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)). At the time of Ramos's sentencing, his counsel was in possession of his conviction documents, which showed that his prior conviction constituted a "drug-trafficking offense" within the meaning of the

federal Guidelines.  (Rec. Doc. 37, p. 6)  Although Ramos's attorney had a legal basis to object to the Court's reliance on the PSR at Ramos's sentencing, the failure of an attorney to raise every non-frivolous argument does not rise to the level of denial of effective assistance of counsel. See Smith v. Collins, 977 F.2d 951, 960 (5th Cir. 1993) (citing Murray v. Carrier, 477 U.S. 478, 485-88 (1986)).

Moreover, as the Government points out, if Ramos's attorney had objected at sentencing to the Court's reliance solely on the PSR in applying the 16 level sentence enhancement, the Government would have presented the conviction documents that confirmed the accuracy of the PSR.  When Ramos's attorney appealed his sentence and made the argument that would have formed the basis for the objection at sentencing, the Government promptly sought to supplement the record with Ramos's conviction documents.  (Rec. Doc. 37-4)  Once the conviction documents were part of the record, the Fifth Circuit concluded that Ramos's prior conviction constituted a "drug-trafficking offense" under the Sentencing Guidelines and that the 16 level enhancement was warranted.  Thus, the decision of Ramos's attorney not to object at sentencing enabled her to make an erroneous sentencing argument on appeal that was dependent upon the continued absence of Ramos's conviction documents from the record. See United States v. McCann, 613 F.3d 486, 503-04 (5th Cir. 2010).  If the Fifth Circuit had rejected the

Government's opposed motion to supplement the record on appeal, it may have found that the Court committed clear error based on McCann, vacated Ramos's sentence, and remanded for resentencing. Thus, the failure to object, contrary to Ramos's assertions, was within the realm of reasonable professional judgment and not against his interests.

In addition, regardless of whether or not his attorney's failure to object at the sentencing hearing was objectively reasonable, it is not reasonably probable that Ramos would have received a reduced sentence if his attorney had objected to the application of the 16 level sentencing enhancement based solely on the PSR's characterization of his Illinois conviction as a "drug trafficking offense." As discussed above, any objection on that basis would have prompted the Government to offer the conviction documents into the record. Since the conviction documents would have confirmed the accuracy of the PSR that the Court relied on in imposing Ramos's sentence, any objection would have resulted in the exact same sentence. Thus, the defense attorney's failure to object was not prejudicial. Because Ramos is unable to prove that the omission was objectively unreasonable and prejudicial, as required under Strickland, his claim that his counsel's failure to object at sentencing constituted constitutionally ineffective assistance of counsel fails.

**II. Whether Counsel's Advice to Plead Guilty, Failure to Seek a Plea Agreement, or Failure to Attempt to Negotiate a Sentence Under the Federal Sentencing Guidelines Constituted Ineffective Assistance of Counsel**

Ramos contends that his attorney rendered ineffective assistance of counsel by advising him to plead guilty, failing to seek a plea agreement, and failing to attempt to negotiate for a sentence below the Sentencing Guidelines. Ramos cites recent United States Supreme Court decisions, Lafler v. Cooper, 132 S.Ct. 1376 (2012), and Missouri v. Frye, 132 S.Ct. 1399 (2012), in support of his argument. The Government counters that Ramos's counsel's actions prior to and during sentencing were objectively reasonable and non-prejudicial. The Government further contends that Lafler and Frye are inapplicable in this case.

The Court finds that Ramos has not overcome the presumption that his attorney exercised reasonable professional judgment in recommending that he plead guilty based on her prediction of how the trial would proceed. See Premo v. Moore, 131 S.Ct. 733, 745 (2011). Ramos was charged with a single count of illegal reentry of a removed alien. The record reflects that the Government never offered Ramos a plea agreement, a circumstance that Ramos's attorney could have reasonably viewed as indicative of the Government's confidence in its ability to prove the offense at trial. As a direct result of Ramos's decision to plead guilty as advised by his attorney, Ramos benefitted from a 3-level downward

adjustment of his total offense level under U.S.S.G. 3E1.1 for acceptance of responsibility. (Rec. Docs. 20-21) Under the circumstances, it was objectively reasonable for Ramos's attorney to recommend that he plead guilty to benefit from the sentencing reduction for acceptance of responsibility rather than proceed to trial where he would likely be found guilty and deprived of the benefit of a sentencing reduction. In addition, Ramos has not proven, as he must in a plea case, see Hill, 474 U.S. at 59, that but for his attorney's advice to plead guilty, he would have insisted on going to trial. Although Ramos misguidedly suggests in his brief that his sentence could have been less if the jury agreed with him on some points and that the jury could have recommended a sentence under the Guidelines,[2] he never affirmatively states in his motion that he would have insisted on going to trial if his attorney had not advised him to plead guilty.

    The Court need not consider whether Ramos's attorney rendered a deficient performance by failing to seek a plea agreement or failing to attempt to negotiate or argue for a sentence below the Sentencing Guidelines, because Ramos's motion and the record conclusively show that he cannot establish that either alleged

---

[2] Ramos's motion reflects his misunderstanding of the fact that the jury does not make sentencing recommendations, that the sentence imposed depends solely on the discretion of the sentencing judge, and that the fact that a prior conviction qualifies for a sentencing enhancement is to be proven before the sentencing judge by a preponderance of the evidence. See United States v. Barrera-Saucedo, 385 F.3d 533, 537 (5th Cir. 2004); (Rec. Doc. 32, p.3).

deficiency was prejudicial. Strickland, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one. In particular a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.") (alterations added). The Supreme Court and the Fifth Circuit have recognized that plea bargains are a matter of prosecutorial discretion not a matter of constitutional right. Weatherford v. Bursey, 429 U.S. 545, 561 (1977) ("[T]here is no constitutional right to plea bargain; the prosecutor need not do so if he prefers to go to trial.") (alterations added); United States v. Rankin, 572 F.2d 503, 505 (5th Cir. 1978) ("[T]here is no constitutional right to plea bargain . . .") (alterations added). Ramos has not presented any evidence that the Government would have offered him a plea agreement stipulating to a sentence below the Sentencing Guidelines if his attorney had initiated negotiations, or that the Court, in its discretion, would have accepted a sentence below the Sentencing Guidelines even if the parties had stipulated to one. To show that he was prejudiced by his attorney's failure to initiate plea negotiations, Ramos must do more than speculate about potential benefits that he was denied; he must provide concrete evidence that a favorable plea offer would have been available to him. See Welch v. United States, 370 Fed.

Appx. 739, 743-44 (3d. Cir. 2010) (citing Gallo-Vasquez v. United States, 402 F.3d 793, 798-99 (7th Cir. 2005); Prewitt v. United States, 83 F.3d 812, 819 (7th Cir. 1996)); United States v. Huddy, 184 Fed. Appx. 765, 767 (10th Cir. 2006) (concluding that a § 2255 petitioner was unable to show prejudice from his attorney's failure to initiate plea negotiations where the petitioner could not show that the prosecution was interested in entering a plea agreement; the court retained discretion to accept or reject any plea agreement; and there was no guarantee that the petitioner would have received a lesser sentence as a result of any plea agreement).

In this case, Ramos's assertions of prejudice are the product of speculation, not evidence. In his motion, Ramos states, "Unfortunately for the defendant his counsel did not considered [sic] that a less [sic] sentence could be found only required an litter [sic] effort." (Rec. Doc. 32, p.6) Ramos is merely speculating that his attorney could have secured a plea agreement and a reduced sentence for him by initiating plea negotiations. Similarly, Ramos cannot show that any action on the part of his counsel to argue for or attempt to negotiate a sentence below the Sentencing Guidelines range would have resulted in the Court imposing a lower sentence. In his motion, Ramos states that his attorney "never mentioned an intention to negotiated [sic] the Guidelines range." (Rec. Doc. 32, p. 6) He also states that his attorney "never intended a negotiation of the sentence guidelines

there was a probability of better results to his defendant client." (Rec. Doc. 32, p. 6)  These statements similarly amount to mere speculation that an attempt by his attorney to negotiate or argue for a reduced sentence would have resulted in the imposition of a sentence below the federal Guidelines.  Because Ramos has failed to present any concrete evidence that his attorney's allegedly deficient conduct prejudiced him, there is no need for an evidentiary hearing.  Ramos's claims that his counsel rendered ineffective assistance by failing to initiate plea negotiations and failing to attempt to negotiate a sentence below the Sentencing Guidelines fail under Strickland for lack of prejudice.

Likewise, the two cases that Ramos cites in support of his ineffective assistance arguments, Lafler v. Cooper, 132 S.Ct. 1376 (2012) and Missouri v. Frye, 132 S.Ct. 1399 (2012), do not apply in this case.  Both cases are only applicable when the Government has extended a formal plea offer to the accused.  In Lafler, the Supreme Court held that if the Government offers the defendant a plea bargain, the defendant is entitled to effective assistance of counsel in deciding whether to accept it, and that if that right is denied, the defendant can show prejudice if the loss of the plea opportunity led to a trial that resulted in a conviction on more serious charges or the imposition of a more severe sentence.  Id. at. 1387.  The Lafler Court stated, "[i]f no plea offer is made, or a plea deal is accepted by the defendant but rejected by the judge,

the issue raised here simply does not arise." Id. at 1387 (alterations added). In Frye, the Supreme Court held that a defense attorney has a duty to communicate formal plea offers to the accused and that a defense attorney renders ineffective assistance of counsel when he allows the formal plea offer to expire without informing the defendant or allowing him to consider it. 132 S.Ct. at 1408. Neither Lafler nor Frye applies in this case, because the Government never made Ramos a plea offer.[3]

Lastly, Ramos makes various conclusory statements in his motion that the Sentencing Guidelines were somehow mandatory in his case.[4] However, he fails to show how any action on the part of his attorney rendered the Sentencing Guidelines mandatory. In addition, at sentencing, Ramos indicated that he understood that the Sentencing Guidelines were not mandatory, that the Court was required to take them into account, and that the Court could ultimately sentence him above or below the calculated Guideline range. (Rec. Doc. 27, p. 10) Thus, there is no merit to Ramos's contention that the sentencing Guidelines were mandatory in his

---

[3] In his motion, Ramos merely states that he "never knew if the Government made some offer, because in LaFler, the Court has held that 97 percent of all criminal cases sentence is [sic] based of [sic] a plea negotiation . . ." (Rec. Doc. 32, p. 4)

[4] For example, Ramos states that his "sentence was into the prescribed Guidelines, even though that Guidelines is not mandatory. So his sentence was into the mandatory Guidelines." (Rec. Doc. 32, p. 3) He also asserts, "That 46 months sentence is the normal Guidelines that recognized into his [sic] statutory law a 46 months. So not [sic] difference was into that mandatory U.S.S.G." (Rec. Doc. 32, p. 4)

case or that his attorney's conduct somehow rendered them mandatory. The Court finds that Ramos's motion and the record in this case conclusively show that Ramos is entitled to no relief. As a matter of law, Ramos cannot show that any of his attorney's alleged deficiencies constituted ineffective assistance of counsel. Accordingly,

**IT IS HEREBY ORDERED** that Ramos's Motion to Vacate **(Rec. Doc. 32)** be **DENIED** without an evidentiary hearing.

New Orleans, Louisiana, this 17th day of October, 2012.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE