```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


UNITED STATES OF AMERICA                       CRIMINAL ACTION

VERSUS                                         NO: 11-112

GILBERTO RAMOS-MARRUFO                         SECTION: "J"(5)
```

### ORDER AND REASONS

Before the Court is petitioner, Gilbert Ramos-Marrufo's *pro se* Motion Seeking Reduction of Sentence **(Rec. Doc. 40)**. Having considered the motion, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

### PROCEDURAL AND FACTUAL BACKGROUND

On June 16, 2011, petitioner pled guilty, without the benefit of a plea agreement, to one count of illegal reentry of a removed alien in violation of 8 U.S.C. § 1326. (Rec. Doc. 15) On September 22, 2011, petitioner appeared before the Court for sentencing. (Rec. Doc. 23) After adopting the findings of the presentence report and the sentencing guidelines calculation, the Court imposed a bottom-of-the-guidelines sentence of forty-six months imprisonment, three years of supervised release, and a $100.00

mandatory special assessment. (Rec. Doc. 28, p. 3, 6-8) The Fifth Circuit affirmed petitioner's sentence on May 31, 2012. (Rec. Doc. 22) On June 22, 2012, Ramos filed a motion to vacate his sentence under 28 U.S.C. § 2255 arguing that he received constitutionally ineffective assistance of counsel, because his attorney (1) failed to object at his sentencing hearing to the 16 level sentence enhancement assessed as a result of his prior drug conviction in Illinois, (2) advised him to plead guilty, (3) failed to initiate plea negotiations, and (4) failed to attempt to negotiate a sentence below the sentencing guidelines. On October 17, 2012, the Court denied petitioner's § 2255 petition. (Rec. Doc. 39) On December 3, 2012, petitioner filed the instant motion arguing that he is entitled to reduction or vacation of his sentence in light of United States Sentencing Guideline 5K3.1.[1]

## DISCUSSION

Federal law places restrictions on "second or successive" § 2255 petitions. Castro v. United States, 540 U.S. 375, 377 (2003). Under 28 U.S.C. § 2255, "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate

---

[1] Although petitioner's motion is somewhat difficult to understand, he appears to essentially argue that he was entitled to a four level reduction of his offense level under United States Sentencing Guideline 5K3.1, which provides that: "[u]pon motion of the Government, the court may depart downward not more than 4 levels pursuant to an early disposition program authorized by the Attorney General of the United States and the United States Attorney for the district in which the court resides." U.S.S.G. 5K3.1.

2

court of appeals to contain --

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h)(1)-(2).

Although the statute does not define, "second or successive," the Fifth Circuit has held that "a subsequent motion is 'second or successive' when it: '1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ.'" United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000) (quoting In re Cain, 137 F.3d 234, 235 (5th Cir. 1998)). The Court finds that petitioner's instant motion constitutes a "second or successive" § 2255 petition, because the claims petitioner raises in the instant motion challenging his sentence could have been raised in his original § 2255 petition. Because Plaintiff has not obtained a certification from a panel of the Fifth Circuit that his motion satisfies the requirements of either § 2255(h)(1) or § 2255(h)(2), the Court cannot exercise jurisdiction over petitioner's second or successive petition. United States v. Caston, No. 09-98, 2012 WL 5463143, at *3 (E.D. La. Nov. 8, 2012) (dismissing a "second or successive" § 2255

petition for failure to receive a certification from the Fifth Circuit).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion **(Rec. Doc. 40)** is **DENIED WITHOUT PREJUDICE** to Plaintiff's right to re-urge motion after obtaining the appropriate certification from the Fifth Circuit.

New Orleans, Louisiana, this 21st day of August, 2013.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE